## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **AIRSPAN NETWORKS, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| **SPRINT/UNITED MANAGEMENT** ) | |
| **COMPANY n/k/a T-MOBILE US, INC.** ) | |
| ) | |
| **Defendant.** ) | |

### COMPLAINT FOR BREACH OF CONTRACT

Plaintiff Airspan Networks Inc. ("Plaintiff" or "Airspan"), by and through its undersigned counsel of record, and for its Complaint against Defendant Sprint/United Management Company n/k/a T-Mobile US, Inc. ("Defendant" or "Sprint") states as follows:

### PARTIES

1. Plaintiff Airspan is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Florida. Airspan is a U.S.-based provider of software and hardware for 5G networks.

2. Defendant is a corporation organized and existing under the laws of the State of Kansas, with its principal place of business in the State of Washington. T-Mobile US, Inc. is a wireless network operator.

### JURISDICTION AND VENUE

3. This is a civil action over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between Plaintiff and Defendant.

4. The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, in that Plaintiff seeks damages in the principal sum of three million, seven hundred one

thousand, eight hundred and six and 30/100 dollars ($3,701,806.30).

5. This Court has personal jurisdiction over Plaintiff and Defendant as the parties agreed to a venue selection clause in their written contract which dictates that Plaintiff bring suit against Defendant in the District of Kansas.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant and Plaintiff agreed by contract to this venue for this dispute and Defendant resides in this judicial district.

7. By contract, the Plaintiff and Defendant have stipulated that the law of the State of Delaware will govern this action.

## FACTS

**The Sprint-Airspan MPA**

8. Effective August 17, 2015, Airspan and Sprint entered into a contract entitled Master Purchase Agreement for Technical Products and Related Services (hereinafter, "MPA"). A true and accurate copy of the MPA is attached hereto as Exhibit A.

9. Under the MPA, Airspan agreed to supply, license, and deliver the Products and Services (as defined in the MPA) in accordance with the MPA and the applicable Order (as defined in the MPA) and Sprint agreed to pay for provided Products and Services.

10. Section 6.1 of the MPA provides in pertinent part as follows: "[t]he consideration payable to Supplier [Airspan] under this Agreement will consist of the Fees." "Fees" are defined in Section 1.0 of the MPA as "amounts (a) specified in an Exhibit or an Order, and (b) authorized in a Purchase Order issued by Sprint."

11. Section 6.4 d. of the MPA provides in pertinent part as follows: "Sprint will pay undisputed amounts within 90 days after receiving Supplier's [Airspan's] invoice. … Sprint will

pay disputed amounts, if owed, within 45 days after the dispute is resolved."

### Sprint's Breach of the MPA

12. From August of 2015 through March 2021, Airspan provided Products and Services to Sprint in accordance with the Orders and the MPA.

13. Sprint, however, failed to pay the total amount due for the Products and Services provided by Airspan under the MPA.

14. As of the filing of this action, Sprint has refused to pay Airspan amounts due totaling more than USD $3,701,806.38, including without limitation amounts due under invoice numbers US18971, US18980, US19092, US19093, US1912, US19146, and US19152.

15. Sprint contends that it need not pay these amounts owed to Airspan because, in Sprint's view, these amounts have been set-off under MPA § 6.6 against amounts that Airspan purportedly owes to Sprint under MPA § 25.2 for indemnity related to a patent litigation filed by Barkan Wireless IP Holdings, L.P.

### The Barkan Litigation

16. On October 14, 2019, Barkan Wireless IP Holdings, L.P. ("Barkan") filed a lawsuit, *Barkan Wireless IP Holdings, L.P. v. Sprint Corporation et al.*, Case No. 2:19-cv-00336-JRG (E.D. Tex.), claiming that Sprint and CommScope, Inc. infringed three patents owned by Barkan (the "Barkan Litigation").

17. In its Amended Complaint filed on December 5, 2019, Barkan alleged that "Defendants [Sprint and CommScope] make, use, offer to sell, sell and/or import into the United States products and/or systems that infringe the patents-in-suit, including, but not limited to, the Sprint Airave 2, Sprint Airave 2.5, Sprint Airave 3, Sprint Airave 4, and Sprint Magic Box Gold (the "Accused Products")."

18. Sprint Airave 4 and Sprint Magic Box Gold are products that Airspan developed for Sprint.

19. Barkan's infringement claims changed over the course of the Barkan Litigation.

20. At the outset of the Barkan Litigation in late 2019 and early 2020, Barkan's infringement allegations were vague and broad enough to potentially trigger a partial indemnity obligation for Airspan under the MPA.

21. By August 2020, however, Barkan had amended its infringement contentions in a way that confirmed Airspan is not obligated to indemnify Sprint for the alleged patent infringement.

22. For example, Airspan is not obligated to indemnify Sprint for the Barkan Litigation because the alleged patent infringement involved functionality had been added to the Airspan-supplied products in response to a request from Sprint covered under the indemnity exclusion in MPA § 25.2(b).

23. Additionally, Airspan is not obligated to indemnify Sprint for the Barkan Litigation because many of Barkan's patent infringement claims involved unanticipated product combinations covered under the indemnity exclusion in MPA § 25.2(c).

24. Airspan never agreed to indemnify Sprint for all of Barkan's infringement claims involving Airspan-supplied products. Airspan expressly rejected such indemnity after Barkan amended its infringement claims in a way that triggered certain of the MPA's indemnity exclusions. Airspan explained its indemnity position to Sprint while the Barkan Litigation was still pending, but Sprint rejected Airspan's position and proceeded to settle the case.

25. In March 2021, Barkan and Sprint settled the Barkan Litigation and the case was terminated.

4

26. On or about March 8, 2021, Sprint demanded that Airspan pay $3,870,000 to indemnify Sprint for a portion of the amount Sprint paid to defend and settle the Barkan Litigation.

27. On April 27, 2021, Sprint gave Airspan notice that it intended to set-off amounts it owes Airspan under the MPA until Sprint's indemnity demand is satisfied.

28. On July 6, 2021, Airspan invoked the Dispute Resolution Procedure in MPA § 30.3. Designated representatives from Airspan and Sprint met as required under MPA § 30.3, but were unable to resolve the dispute.

## BREACH OF CONTRACT

29. Airspan incorporates the above allegations as though fully set forth herein.

30. As alleged herein, Airspan and Sprint are parties to the MPA, which is a valid and binding contract between and among them.

31. As alleged herein, there was sufficient consideration to support the MPA.

32. As alleged herein, Airspan performed its obligations under the Agreement by delivering to Sprint Products and Services in accordance with the Orders and the MPA.

33. As alleged herein, Sprint breached its obligations under the MPA by failing to pay Airspan for the Products and Services that Airspan delivered to Sprint in accordance with the Orders and the MPA.

34. As a result of Sprint's breach alleged herein, Airspan has suffered damages, and is entitled to recovery against Sprint in an amount to be proven at trial, but which in no event will be less than USD $3,701,806.30 plus prejudgment interest and attorneys' fees and costs.

35. The MPA, section 31.7, provides that the prevailing party in any dispute shall be entitled to recover its legal fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in this action as follows:

A. For an Order finding and adjudging Sprint to be liable to Airspan as set forth herein;

B. For an award of monetary damages to Airspan against Sprint in an amount to be determined at trial, but which in no event will be less than USD $3,701,806.30, plus prejudgment interest;

C. For an award to Airspan of its attorney's fees and costs of suit, as allowed by any contractual, equitable, legal, or statutory basis; and

D. For such other and further relief as the Court deems just and equitable.

## DESIGNATION OF PLACE OF TRIAL

Airspan designates Kansas City, Kansas as the location for trial of this matter.

Dated March 15, 2022

        Respectfully submitted,

        **JAMES SOBBA, LLC**

        */s/G. Edgar James*
        G. EDGAR JAMES   (KS #22407)
        MATTHEW P. CLUNE (KS #21064)
        4435 Main Street, Suite 910
        Kansas City, Missouri 64111
        Telephone:  (816) 623-0544
        Telephone: (816) 623-0043
        ejames@jamessobba.com
        mclune@jamessobba.com

        and

        Jeremy R. (Jake) Larson (*to be admitted pro hac vice*)
        DORSEY & WHITNEY, LLP
        701 Fifth Ave., Suite 6100Seattle, WA 98104-7043
        Telephone:  (206) 903-8735
        larson.jake@dorsey.com

        *Attorneys for Plaintiff Airspan Networks Inc. n/k/a Airspan Networks Holdings Inc.*